**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **STEVEN BREWER,** | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **vs.** | § | **Civil Action No. 3:18-CV-1018-B-BH** |
| | § | |
| **UNITED STATES DEPARTMENT** | § | |
| **OF JUSTICE, et al.,** | § | |
| **Defendants.** | § | **Referred to U.S. Magistrate Judge**[1] |

## MEMORANDUM OPINION AND ORDER

Before the Court is *Defendants' Motion for Protective Order to Stay Discovery and Brief in Support*, filed September 20, 2018 (doc. 23). Based on the relevant filings and applicable law, the motion is **GRANTED**.

## I. BACKGROUND

Steven Brewer, a federal inmate (Plaintiff), filed suit against the United States Department of Justice and the National Personnel Records Center (collectively Defendants), under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq*, on April 23, 2018. (*See* doc. 3 at 1.)[2] He seeks production of documents concerning the appointment of the federal prosecutors who brought criminal indictments against him that resulted in federal criminal convictions. (*See id.* at 1-3); *see also United States v. Brewer*, No. 3:96-CR-293-K, 3:96-CR-294-K (N.D. Tex.). Defendants answered the lawsuit on June 6, 2018. (*See* doc. 12.)

After the parties filed their scheduling proposals, a standard scheduling order was issued on June 26, 2018. (*See* docs. 15, 21.) It set deadlines for completion of discovery and filing of discovery motions. (*See* doc. 21 at 1.) Defendants contend that Plaintiff served them by mail with written

___

[1]By *Standing Order of Reference* filed April 27, 2018, this case has been referred for full case management.

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

discovery requests on August 21, 2018; Plaintiff contends that he served discovery on August 14, 2018. (*See* doc. 23 at 4-5; doc. 33 at 2.) On September 20, 2018, Defendants moved for a protective order staying all discovery until after summary judgment motions have been filed on grounds that "[d]iscovery at this time, if ever, is not appropriate." (doc. 23 at 3.)

## II. ANALYSIS

Defendants argue that courts do not generally allow discovery in FOIA cases until after motions for summary judgment have been filed. (*Id.* at 6-7.)

The FOIA requires government agencies to make their records available to the public and embodies a general philosophy of full disclosure by the agency. *See* 5 U.S.C. § 552; *Halloran v. Veterans Admin.*, 874 F.2d 315, 318 (5th Cir. 1986). Many of these records must be published in the Federal Register; the rest may be requested from an agency. 5 U.S.C. § 552(a). Upon receipt of a request for records, an agency must make the requested records promptly available to the requesting party, unless the records fall under one of nine exemptions listed in the FOIA. 5 U.S.C. § 552(a) and (b). A district court can enjoin an agency from withholding agency records and can order the production of those records if they do not fall under any of the nine exemptions. 5 U.S.C. § 552(a)(4)(B). The agency bears the burden of establishing that the withheld documents fall within a claimed exemption. *Batton v. Evers*, 598 F.3d 169, 175 (5th Cir. 2010).

In FOIA actions, courts routinely delay discovery until after the government has filed a motion for summary judgment and has had a chance to present the information necessary to make a decision on the applicable exemptions. *See Driggers v. United States,* No. 3:11-CV-229-N, 2011 WL 2883283, at *1 (N.D. Tex. July 18, 2011) (citing *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008); *Miscavige v. IRS*, 2 F.3d 366, 369 (11th Cir. 1993); *Rugiero v. U.S. Dep't of Justice*, 257 F.3d 534, 544 (6th Cir. 2001)); *see also Schiller v. I.N.S.*, 205 F.Supp. 2d 648, 653 (W.D. Tex. 2002) (noting that

discovery is not typically a part of a FOIA case). The government may present the information in the form of detailed affidavits which are entitled to a presumption of good faith, or a more detailed "*Vaughn* index," which is a means by which agencies describe the responsive documents and the reasons for redactions or withholdings in enough detail for the court to assess the claims for exemptions. *Batton*, 598 F.3d at 178-79; *Rugiero*, 257 F.3d at 544. Only after the government has filed its "affidavits and supporting memorandum of law" can a factual issue arise that is properly the subject of discovery. *Driggers,* 2011 WL 2883283, at *1 (citing *Murphy v. F.B.I.*, 490 F.Supp. 1134, 1137 (D.D.C. 1980)). Even where discovery is permitted, it is "sparingly granted" and most often limited to investigating the scope of the agency search for responsive documents. *Schiller*, 205 F.Supp. 2d at 653; *Driggers,* 2011 WL 2883283, at *1; *Exxon Mobile Corp. v. United States Dept. of Labor,* No. 09-6732, 2010 WL 4668452, at * 5-6 (E.D. La. Nov. 4, 2010) (quotations omitted).

Here, Plaintiff's discovery seeks detailed information from the withheld records. Allowing Plaintiff to conduct this discovery before Defendants file a motion for summary judgment would essentially provide the relief he seeks through this lawsuit. Only after they file a motion for summary and supporting affidavits will the Court have the information necessary to appropriately limit the scope of discovery or forgo it entirely. *See Driggers,* 2011 WL 2883283, at *1-2 (citing *Taylor v. Babbitt*, 673 F.Supp. 2d 20, 23 (D.D.C. 2009) ("Postponing discovery until the government has submitted its dispositive motion and supporting documents allows the court to obtain information necessary to appropriately limit the scope of discovery or forgo it entirely")).

### III.  CONCLUSION

Defendants' motion for protective order is **GRANTED**, and discovery is stayed until after summary judgment motions have been filed. The scheduling order dated June 26, 2018 is hereby **VACATED**. Defendants shall file their motions for summary judgment within 30 days of the date

of this order.

       **SO ORDERED on this 20th day of November, 2018.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE