IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN BREWER, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 3:18-CV-1018-B-BH |
| | § | |
| UNITED STATES DEPARTMENT | § | |
| OF JUSTICE, et al., | § | |
|     Defendants. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court for recommendation is *Defendant National Personnel Records Center's Motion to Substitute Defendant and Brief in Support*, filed June 6, 2018 (doc. 13). Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I. BACKGROUND**

On April 23, 2018, Steven Brewer (Plaintiff), a federal inmate, filed this *pro se* lawsuit under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Privacy Act, 5 U.S.C. § 552a, against the United States Department of Justice (DOJ), the Executive Office for United States Attorneys (EOUSA), and the National Personnel Records Center (NPRC) (collectively, Defendants). (*See* docs. 3; 32 at 1, 3.)[2] He seeks a declaratory judgment, preliminary and permanent injunctive relief, "full disclosure and release of agency records and information improperly withheld from [him] by [Defendants] as part of [his FOIA] requests, and other appropriate " relief. (doc. 32 at 1-2.)

On November 14, 2012, Plaintiff was indicted on 28 counts of conspiracy to commit wire fraud and money laundering, and he was subsequently convicted on all counts. (*Id*. at 4.) On

---

[1] By *Standing Order of Reference* filed April 27, 2018, this case has been referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

September 9, 2017, he sent FOIA requests to Defendants seeking documents verifying that eleven federal prosecutors "were properly appointed to serve as officers of the United States . . . , and that these [prosecutors] properly took the oath of office as representatives of the United States . . . ." (*Id*. at 4-7.) Defendants "denied Plaintiff's FOIA requests, with the exception [of] EOUSA providing a document purported to be an appointment letter" for one of the prosecutors. (*Id*. at 7.) Plaintiff appealed the denials of his requests to the Director of the Office of Information Policy (OIP), and he "also filed a request with the Office of Government Services National Archives and Records to mediate DOJ's and EOUSA's failure to properly comply with his FOIA requests." (*Id*. at 7-8.) Following the denial of his initial requests, Plaintiff filed additional FOIA requests with Defendants but still did not receive the information he was seeking. (*Id*. at 8-9.) He filed requests for mediation and appealed to the OIP after each failed request. (*Id*.) Plaintiff alleges that Defendants' failure to comply with his requests creates the inference that none of the prosecutors "were properly appointed . . . to serve as officers, agents[,] and or legal representatives for the United States." (*Id*. at 10.)

On June 6, 2018, NPRC moved to dismiss Plaintiff's claims against it with prejudice and to substitute the United States Office of Personnel Management (OPM) as a defendant in its place. (*See* doc. 13 at 2.) On June 20, 2018, Plaintiff responded, and NPRC replied on July 10, 2018. (*See* docs. 18; 22.) The motion is now ripe for recommendation.

## II. ANALYSIS

NPRC argues that it is "not an appropriate defendant in this matter" because it "services records only as an agent for OPM," and that OPM should be substituted in its place because it has "legal custody" over the records Plaintiff seeks and "responds to records requests such as [Plaintiff's]," citing 5 C.F.R. §§ 293.303(d)(5), 293.310. (doc. 13 at 2.) Plaintiff "object[s] to the

2

substitution of defendants." (doc. 18 at 1.)[3]

FOIA embodies a philosophy of full disclosure by government agencies and requires them to make their records available to the public upon request. *See* 5 U.S.C. § 552; *Halloran v. Veterans Admin.*, 874 F.2d 315, 318 (5th Cir. 1986). The Privacy Act also affords general access by an individual to federal agency records; it requires an agency that maintains a system of records to permit an individual access to his own records or to information pertaining to himself. *See Villanueva v. Dep't of Justice*, 782 F.2d 528, 531 (5th Cir. 1986) (citing 5 U.S.C. § 552a(d)); *May v. Dep't of Air Force*, 777 F.2d 1012 (5th Cir. 1985). FOIA is intended to increase access to governmental information, while the Privacy Act provides individuals more control over the gathering, dissemination, and accuracy of agency information related to themselves. *Pierce v. Dep't of Air Force*, 512 F.3d 184, 191 (5th Cir. 2007).

NPRC relies on 5 C.F.R. §§ 293.303(d)(5) and 293.310 for its argument that OPM should be substituted in its place because it "has legal custody over" the records Plaintiff requested. (doc. 13 at 2.) OPM "has a Government-wide responsibility for developing regulations, practices and procedures for the establishment, maintenance, and transfer of" Official Personnel Folders (OPFs), which are "part of the records of [OPM]." 5 C.F.R. § 293.303(a), (b). Agencies are responsible for creating and maintaining OPFs for new employees for whom no OPF has previously been established. *Id*. at § 293.303(c). "[T]the agency in physical possession of" the OPF is its custodian and is responsible for its maintenance. *Id*. at § 293.303(d)(1), (2). No less than thirty days after an individual is "separated from Federal employment," the OPF is transferred to NPRC. *Id*. at §

---

[3] Plaintiff states that he has no objection to NPRC's motion "provided that the substituted defendant . . . will 'stipulate' that . . . [i]t will indemnify [NPRC] for the alleged overt acts in the complaint . . . ." (doc. 18 at 1.) NPRC does not agree to this stipulation, however. (doc. 22 at 1.)

293.307(a).[4]  Once the OPF "has been transferred to and accepted by [] NPRC," an agency is no longer the custodian of the OPF.  *Id*. at § 293.303(d)(4).  At that point, OPM becomes "the custodian of the OPF until the destruction date . . . unless another agency requests the OPF from [] NPRC in the interim."[5]  *Id*. at § 293.303(d)(5).  Under FOIA, OPM "or an agency in physical possession of an OPF . . . may disclose information" in response to a FOIA request.  5 C.F.R. § 293.310.

NPRC is owned and/or operated by the National Archives and Records Administration (NARA) "for the storage, processing, and servicing of records for Federal agencies . . . ." 36 C.F.R. at § 1232.10(a); *see also Vest v. Dep't of the Air Force*, 792 F. Supp. 2d 103, 119 n.9 (D.D.C. 2011) (stating that the NPRC "is a component" of the NARA).

> (b) NARA's [NPRC], located in St. Louis, Missouri, is the repository for twentieth- and twenty-first-century personnel and medical records of former members of the military and personnel records of former civilian employees of the Federal Government.
>
> > (1) Those official personnel and medical files that have been transferred to NARA's legal custody are processed by NARA according to this part, at §§ 1250.20 through 1250.32.
> >
> > (2) Those personnel and medical records that remain in the legal custody of the agencies that created them are governed by the FOIA and other access regulations of the originating agencies, which the NPRC processes under authority delegated by the originating agencies, not under the provisions of this part.

36 C.F.R. § 1250.8(b).

Initially, NPRC has not established that the records sought by Plaintiff are in OPM's "legal custody."  As noted, § 293.303(d)(5) does provide that OPM is the custodian of personnel files for

---

[4] OPFs "of persons separated from Federal employment must be retained by the losing agency for 30 working days after separation, and may be retained for an additional 60 days" before they "must be transferred to the General Services Administration, [NPRC] . . . ."  5 C.F.R. § 293.307(a).

[5] "An agency is the custodian of an OPF it requests from the [NPRC], for any temporary use, from the date that the OPF is transmitted by the NPRC to the agency until the date that the NPRC receives the OPF back from the agency."  5 C.F.R. § 293.303(d)(3).

former federal civilian employees that have been transferred to and accepted by NPRC.[6] It has not provided evidence showing that the records Plaintiff seeks are for former employees, however, and that the records have been transferred to and accepted by it.  5 C.F.R. § 293.303(d)(5).  Even if the records have been transferred to and accepted by it, it has not shown that another agency has not requested the records from it.  *See id.*  Nor has it provided any evidence establishing that the records have not been transferred to NARA's legal custody, or that they do not remain in the legal custody of the originating agency, as provided by 36 C.F.R. § 1250.8(b)(1), (2).  *See Conway v. United States Agency for Int'l Dev.*, 99 F. Supp. 3d 171, 179 (D.D.C. 2015) (denying summary judgment in a FOIA case because the court could not determine where the records were stored and in whose custody the records resided, so it could not determine the adequacy of the searches for records) (citing *Parker v. United States Dep't of Justice Executive Office for U.S. Attorneys*, 852 F. Supp. 2d 1, 9 (D.D.C. 2012)).[7]

NPRC has also not established that it is an inappropriate defendant in this case.  It has not cited any cases in which OPM was substituted in its place as a defendant because it had legal custody of the personnel records that were requested, and research has not revealed any.  Notably, in *Bonaparte v. United States Dep't of Justice*, 531 F. Supp. 2d 118, 120 (D.D.C. 2008), EOUSA sought to dismiss a FOIA action against it based on the "plaintiff's failure to join [] NPRC as a party-defendant."  In other reported FOIA or Privacy Act cases in which NPRC has been named as

---

[6]Attached to Plaintiff's complaint is a copy of a printout from NARA's website stating that OPM has legal custody of OPFs for former federal civilian employees.  (*See* doc. 3 at 49.)

[7]Both cases also cited or relied on language in § 1250.8(c), which provides: "NARA's Federal records centers store records that agencies no longer need for day-to-day business. These records remain in the legal custody of the agencies that created them."  *See Parker*, 852 F. Supp. 2d at 8; *Conway*, 99 F. Supp. 3d at 171 (citing 36 C.F.R. § 1250.8). Unlike subsection (b), this provision is not specific to personnel records, however.

a defendant, it has sought dismissal on procedural grounds or on the merits, not because it is allegedly an improper defendant. *See Sheridan v. Dep't of the Navy*, 9 F. App'x 55 (2d Cir. 2001); *Pinkerton v. Transportation Sec. Admin.*, No. 11-CV0-421-JED-FHM, 2014 WL 1310203, at * 8 (N.D. Okl. Mar. 31, 2014); *Broemer v. Fed. Bureau of Investigation*, No. CV 08-05515 MMM (RZX), 2011 WL 13142587, at *4, 22–23 (C.D. Cal. Apr. 22, 2011); *Peavey v. Holder*, 657 F. Supp. 2d 180, 188–89 (D.D.C. 2009); *Swisher v. Collins*, No. CV-06-338-S-BLW, 2009 WL 1658031, at *16, 18–19 (D. Idaho June 11, 2009), *aff'd* 409 F. App'x 139 (9th Cir. 2011); *Leinenbach v. United States Dep't of Justice*, No. 05-744(GK), 2006 WL 1663506, at *5-7 (D.D.C. June 14, 2006); *Ward v. Office of Personnel Management,* No. C2-91-669, 1992 WL 386130, at *1 (S.D. Ohio Apr. 8, 1992).

Finally, as noted, § 293.310 provides that "an agency in physical possession of an OPF . . . may disclose information" in response to a FOIA request. Federal agencies under FOIA and the Privacy Act include "each authority of the Government of the United States, whether or not it is within or subject to review by another agency," as well as "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government . . . , or any independent regulatory agency." 5 U.S.C. §§ 551(1), 552(f)(1), 552a(a)(1). Plaintiff alleges that he sent FOIA requests to NPRC.[8] NPRC does not contend that he should have sent his requests to OPM, or that NPRC could not disclose any information in its physical possession.

Further, FOIA only requires an agency to make records available to the public upon request.

---

[8]Several cases note that EOUSA or DOJ directed plaintiffs to submit their FOIA requests to NPRC. *See Sandy v. Executive Office for United States Attorneys,* 170 F. Supp. 3d 186, 188 (D.D.C. 2016); *Parker*, 852 F. Supp. 2d at 7; *Thornton-Bey v. Executive Office for U.S. Attorneys*, 844 F. Supp. 2d 159, 162 (D.D.C. 2012); *Hart v. United States Dep't of Justice*, 648 F. Supp. 2d 113, 114 (D.D.C. 2009); *Leinenbach*, 2006 WL 1663506, at *5 n. 6.

6

*See* 5 U.S.C. § 552; *Halloran*, 874 F.2d at 318; *see also Antonelli v. Fed. Bureau of Prisons*, 591 F. Supp. 2d 15, 26 (D.D.C. 2008) (noting that "[a]n agency's disclosure obligations are not triggered . . . until it has received a proper FOIA request in compliance with its published regulations"). "[I]f the agency receives no FOIA request, the agency 'has no reason to search or produce records and similarly has no basis to respond.'" *Johnson v. United States*, 239 F. Supp. 3d 38, 44 (D.D.C. 2017) (quoting *Carbe v. Bureau of Alcohol, Tobacco and Firearms*, No. 03-CV-1658, 2004 WL 2051359, *8 (D.D.C. Aug. 12, 2004)). NPRC has not addressed whether Plaintiff would be able to maintain this action against OPM without having submitted a proper FOIA request to it instead of directly to NPRC. *Id*. at 44–45 (citing cases) (granting summary judgment in favor of OPM where the plaintiff did not submit a FOIA request to it); *see Thomas v. Fed. Comm'cns Comm'n*, 534 F. Supp. 2d 144, 146 (D.D.C. 2008) (finding that an agency was entitled to summary judgment where the plaintiff did not submit "a proper FOIA request to which [the] defendant would have been obligated to respond.").

In conclusion, NPRC has not shown that based on the record of this action, Plaintiff's claims against it should be dismissed, and that OPM should be substituted in its place as a defendant.

### III. RECOMMENDATION

NPRC's motion to dismiss Plaintiff's claims against it with prejudice and to substitute OPM as a defendant should be **DENIED**.

**SO RECOMMENDED** on this 3rd day of December, 2018.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

7

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE