IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN BREWER, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 3:18-CV-1018-B-BH |
| | § | |
| UNITED STATES DEPARTMENT | § | |
| OF JUSTICE, et al., | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court are *Defendants' Motion for Summary Judgment*, filed December 20, 2018 (doc. 43), and *Plaintiff's Combined Cross-Motion for Partial Summary Judgement and Opposition to the Defendants' Motion for Summary Judgement*, filed February 6, 2019 (doc. 49). Based on the relevant filings, evidence, and applicable law, the defendants' motion should be **GRANTED**, and the plaintiff's motion should be **DENIED**.

**I. BACKGROUND**[2]

Steven Brewer (Plaintiff), a federal inmate, brings this *pro se* lawsuit under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Privacy Act, 5 U.S.C. § 552a, against the United States Department of Justice (DOJ), the Executive Office for United States Attorneys (EOUSA), and the National Personnel Records Center (NPRC) (collectively, Defendants). (*See* docs. 3; 32 at 1, 3.)[3] He seeks "full disclosure and release of agency records and information improperly withheld from [him] by [Defendants] as part of [his FOIA] requests," declaratory relief, preliminary and

---

[1] By the *Standing Order of Reference*, filed April 27, 2018 (doc. 9), this case has been referred for full case management.

[2] Plaintiff specifically states that following background facts are not in dispute. (*See* doc. 49 at 23-30.)

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

permanent injunctive relief, and other "appropriate" relief. (doc. 32 at 1-2.)

**A.      Requests to the EOUSA**

Between September 9, 2017 and January 24, 2018, Plaintiff submitted three separate information requests to the EOUSA under the FOIA and the Privacy Act for appointment affidavits and copies of the previous and current assignment/postings for several attorneys in the United States Attorney's Office (USAO) for the District of Arizona who were involved in prosecuting and convicting him for conspiracy to commit wire fraud and money laundering. (doc. 45 at 5-6, 8, 10-11, 18, 20-22, 36, 53, 138; doc. 51 at 203.) The EOUSA's FOIA staff acknowledged each of these three requests, and assigned request numbers EOUSA-2018-000030, FOIA-2018-001598, and FOIA-2018-002675. (doc. 45 at 5, 8, 10, 24, 41, 56.) In response to these three requests, the EOUSA's FOIA staff requested that the EOUSA's human resources staff search for all records responsive to Plaintiff's requests, and forward all responsive records except those to which a blanket exemption may be claimed to the FOIA staff. (*Id*. at 6-11.) After the search, the EOUSA mailed Plaintiff copies of Appointment Affidavits for all but two attorneys, along with letters informing him that it did not possess any records for those two attorneys. (*Id*. at 6-11, 24-26, 41-45, 56-62.)[4] The signatures and locations of previous and current assignments and postings were redacted from the Appointment Affidavits on privacy grounds under 5 U.S.C. §§552(b)(6), (b)(7)(c). (*Id*.)

During this time, Plaintiff also requested the same documents for attorneys in the USAO for the Northern District of Texas who were also involved in his criminal prosecution. (*Id*. at 7-8, 28;

---

[4] The EOUSA's FOIA staff was informed that there were no records pertaining to an attorney for whom Plaintiff requested information because he was no longer employed by a USAO or other component of the EOUSA; he was employed by the Criminal Division of the Department of Justice (DOJ). (doc. 45 at 9.) The FOIA staff did not forward Plaintiff's request for records relating to that attorney to the DOJ because it was not aware of his position at the time of its search, but the NPRC has since referred Plaintiff's request to the DOJ. (*Id*. at 9, 119, 138-45.)

doc. 51 at 203.) This request was assigned request number FOIA-2018-001063, and after conducting a search of its records, the EOUSA mailed Plaintiff a letter informing him that it did not possess any records responsive to his request. (doc. 45 at 7-8, 33-34.) Plaintiff then sent a final request to the EOUSA for the same documents for two of the attorneys, but he did not designate which USAO employed those attorneys. (*Id*. at 9-10, 47.) This request was assigned request number FOIA-2018-002272, and the EOUSA subsequently mailed Plaintiff a letter informing him that it did not possess any records responsive to this final request. (*Id*. at 9-10, 50-51.)

**B.     Requests to the NPRC**

On February 26, 2018, Plaintiff submitted ten information requests to the NPRC under the FOIA and the Privacy Act, also requesting documents pertaining to appointments by the United States Attorney General for several attorneys employed or formerly employed by the USAOs for the District of Arizona and the Northern District of Texas who were involved in his criminal prosecution, as well as appointment affidavits and copies of the previous and current assignment/postings for the attorneys. (*Id*. at 77-80, 90-99; doc. 51 at 203.)[5]

On March 22, 2018, Plaintiff mailed a letter to the NPRC's Civil Personnel Records Center, and on March 26, 2018, he mailed two letters to the NPRC's facility located in St. Louis, Missouri. (doc. 45 at 78-79, 101-103.) All three letters were titled as "FOIA Request Appeal". (*Id*.) These letters were nearly identical to the FOIA and Privacy Act requests Plaintiff previously sent to the NPRC, except that they did not include requests for information for one of the attorneys. (*Id*.)

On March 28, 2018, the NPRC responded to Plaintiff's requests seeking additional

---

[5] Five of the requests were addressed to the NPRC's St. Louis, Missouri facility and five were addressed to the NPRC's Civil Personnel Records Center in Valmeyer, Illinois. (doc. 45 at 77.)

information to allow it to perform a better search for responsive records. (*Id*. at 79, 105-15.) Plaintiff did not respond. (*Id*. at 79.) The NPRC's search discovered records for some attorneys, but no records were found for the other individuals because the remaining individuals were current federal employees, and the NPRC only holds records for former federal personnel. (*Id*.) On December 19, 2018, the NPRC sent Plaintiff a supplemental response notifying him that it only held records for those former employees, and included the Appointment Affidavits for those employees. (*Id*. at 80, 117-21, 147-64.)

Defendants now move for summary judgment on Plaintiff's FOIA and Privacy Act claims, and Plaintiff cross-moves for partial summary judgment in his favor. (docs. 43-44, 49-50.)

## II. DEFENDANTS' SUMMARY JUDGMENT MOTION

Defendants' move for summary judgment on Plaintiff's FOIA and Privacy Act claims on grounds that they have performed an adequate search for documents responsive to his FOIA and Privacy Act requests and have produced all non-exempt records pertaining to those requests. (doc. 44 at 17.)

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In a FOIA and Privacy Act case, a defending agency has the burden to sustain its action and show that it acted in accordance with the statutes. *See Batton v. Evers*, 598 F.3d 169, 175 (5th Cir. 2010) (FOIA); *Cooper Cameron Corp. v. U.S. Dep't of Labor, OSHA*, 280 F.3d 539, 543 (5th Cir. 2002) (FOIA); *Chambers v. U.S. Dep't of Interior*, 568 F.3d 998, 1003 (D.C. Cir. 2009) (FOIA and Privacy Act). To meet its summary judgment burden, the agency must demonstrate that its search for the requested material was adequate and that any withheld material

4

is exempt from disclosure. *See Cooper Cameron*, 280 F.3d at 543 (FOIA); *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994) (FOIA); *Sussman v. U.S. Dep't of Justice*, No. 03 Civ. 3618 (DRH) (ETB), 2006 WL 2850608, at *2 (E.D. N.Y. Sept. 30, 2006) (FOIA and Privacy Act). Once the agency meets its burden, the burden shifts to the plaintiff to "prevent summary judgment by introducing evidence that creates a genuine dispute as to the adequacy of the search."[6] *Negley v. F.B.I.*, 589 F. App'x 726, 730 (5th Cir. 2014); *see Founding Church of Scientology of Wash., D.C., Inc. v. Nat'l Sec. Agency*, 610 F.2d 824, 836 (D.C. Cir. 1979) (finding that even where an agency shows that its search is reasonable, the requester may nonetheless produce countervailing evidence, and if the sufficiency of the agency's identification or retrieval procedure is genuinely in issue, summary judgment is not in order.").

The agency may meet its burden based on affidavits or declarations that are entitled to a "presumption of legitimacy," or a so-called *Vaughn*[7] index. *Batton*, 598 F.3d at 176; *Cooper Cameron*, 280 F.3d at 543. "The presumption of legitimacy, however, does not relieve the withholding agency of its burden of proving that the factual information sought falls within the statutory exemption asserted." *Batton*, 598 F.3d at 176 (citing *Stephenson v. IRS*, 629 F.2d 1140, 1145 (5th Cir.1980)). An affidavit or declaration does not suffice if it merely recites statutory

---

[6] Generally, the courts liberally construe the pleadings of a *pro se* plaintiff. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981); *Martin v. United States Post Office*, 752 F. Supp. 213, 218 (N.D. Tex. 1990). However, the courts have no obligation under Fed. R. Civ. P. 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Instead, a party opposing summary judgment must "identify specific evidence in the record" that supports the challenged claims and "articulate the precise manner in which that evidence supports [a challenged] claim." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

[7] The *Vaughn* index is named after *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), and is "a routine device through which the agency describes the documents responsive to a FOIA request and indicates the reasons for redactions or withholdings in sufficient detail to allow a court to make an independent assessment of the claims for exemptions." *See Rugiero v. U.S. Dep't of Justice*, 257 F.3d 534, 544 (6th Cir. 2001).

5

standards, or of it makes conclusory, vague, or sweeping assertions. *Cooper Cameron*, 280 F.3d at 543. "[B]ecause the burden to establish an exemption remains with the agency, the district court should not grant summary judgment based on a 'conclusory and generalized' assertion, even if the FOIA requester has not controverted that assertion." *Id.* (quoting *Niagara Mohawk Power Corp. v. U.S. Dep't of Energy*, 169 F.3d 16, 18 (D.C. Cir. 1999)).

### A.     FOIA and the Privacy Act

The FOIA embodies a philosophy of full disclosure by government agencies and requires them to make their records available to the public. 5 U.S.C. § 552; *Halloran v. Veterans Admin.*, 874 F.2d 315, 318 (5th Cir. 1986). Many of these records must be published in the Federal Register; the rest may be requested from an agency. 5 U.S.C. § 552(a). Upon receipt of a request for records, an agency must make the requested records promptly available to the requesting party, unless the records fall under one of nine exemptions listed in the FOIA. *Id.* § 552(a) & (b). The agency must disclose any "reasonably segregable portion of a record" after deletion of the exempt portion of the record. *Batton*, 598 F.3d at 178 (citing *id.* § 522(b)). If an agency improperly withholds agency records, a district court has jurisdiction to enjoin it from withholding those records and to order their production. 5 U.S.C. § 552(a)(4)(B); *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 143 (1989). An agency record is "improperly" withheld if it does not fall within one of the nine exemptions enumerated in the FOIA. *See Tax Analysts*, 492 U.S. at 150–51. An agency has the burden of proving that particular documents or portions thereof are exempt from disclosure. *Sharyland Water Supply Corp. v. Block*, 755 F.2d 397, 398 (5th Cir. 1985).

While the FOIA is intended to increase access to governmental information, the Privacy Act provides individuals more control over the gathering, dissemination, and accuracy of agency

information related to themselves. *Pierce v. Dep't of Air Force*, 512 F.3d 184, 191 (5th Cir. 2007). It also affords general access by an individual to federal agency records; upon request, it requires an agency that maintains a system of records to permit an individual access to his own records or to information pertaining to himself. *See May v. Dep't of Air Force*, 777 F.2d 1012 (5th Cir. 1985); *Villanueva v. Dep't of Justice*, 782 F.2d 528, 531 (5th Cir. 1986) (citing 5 U.S.C. § 552a(d)). Despite an overlap, the FOIA and the Privacy Act have their own functions and limitations. *See Pierce*, 512 F.3d at 191 (citations omitted); *Greentree v. U.S. Customs Serv.*, 674 F.2d 74, 76 (D.C. Cir. 1982). Since each statute "provides or limits access to material not opened or closed by the other," requesters seeking broad access to information about themselves make their requests pursuant to both statutes. *Sussman*, 2006 WL 2850608, at *4 (quoting *Greentree*, 674 F.2d at 78).

**B.     Adequacy of the Searches**

Defendants assert that they are entitled to summary judgment because their search for responsive documents constituted an adequate search. (doc. 44 at 17-18.)

The FOIA and Privacy Act do "not require an agency to show that it has identified every document that is responsive to a request, but only that 'it performed a search reasonably calculated to yield responsive documents.'" *Negley*, 589 F. App'x at 729 (quoting *Batton*, 598 F.3d at 176); *see Chambers*, 668 F.3d at 1005 (Privacy Act); *Lee v. U.S. Attorney for Southern Dist. of Fla.*, 289 F. App'x 377, 380 (11th Cir. 2008) (same). Under the FOIA and the Privacy Act, "[a]n agency may demonstrate that it conducted an adequate search by showing that it used 'methods which can be reasonably expected to produce the information requested.'" *Batton*, 598 F.3d at 176 (quoting *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)). As noted, an agency may meet its burden based on affidavits or declarations, which are entitled to a "presumption of legitimacy."

7

*Batton*, 598 F.3d at 176; *Cooper Cameron*, 280 F.3d at 543. "'The issue is not whether other documents may exist, but rather whether the search for undisclosed documents was adequate.'" *Id*. (quoting *In re Wade*, 969 F.2d 241, 249 n.11 (7th Cir. 1992)). As also noted, once the agency has shown that its search was reasonable, the burden shifts to the plaintiff to present evidence creating a genuine issue of material fact "as to the adequacy of the search." *Negley*, 589 F. App'x at 730; *see Founding Church of Scientology*, 610 F.2d at 836. A plaintiff cannot, however, "call into question the adequacy of the search by engaging in 'mere speculation that as yet uncovered documents may exist.'" *Id*. (quoting *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991)).

Defendants submit the Declaration of the Attorney Advisor for the EOUSA who is assigned to the EOUSA's FOIA and Privacy Act staff (EOUSA Declaration), to show that the EOUSA's search regarding Plaintiff's FOIA and Privacy Act requests were adequate. (doc. 45 at 3-16.) The declaration describes in reasonable detail Plaintiff's five requests, the related correspondence between the EOUSA's FOIA and Privacy Act staff and its human resources staff, and the searches conducted for the requested documents. (*See id*. at 4-11.) It also states that no responsive records were found for some of Plaintiff's requests, and that he was notified of the lack of those records. (*Id*. at 6-11.) Defendants have shown, based on the EOUSA Declaration, that the EOUSA's search was adequate and that it has produced all responsive records in its possession.

Defendants also submit the Declaration of the Assistant Director for Civilian Records with the NPRC (NPRC Declaration), to show that the NPRC's search regarding Plaintiff's FOIA and Privacy Act requests were adequate. (*Id*. at 73-82.) It states that once Plaintiff's requests were received, the NPRC sent letters to Plaintiff "requesting additional information to allow a further search for responsive records," but it "did not receive a response." (*Id*. at 79.) Based on

8

communications with the Office of Personnel Management, DOJ, and EOUSA, the NPRC determined that six of the eleven individuals mentioned in Plaintiff's requests were still employed with the DOJ. (*Id*.) The NPRC did not have responsive records for those six individuals because "it only holds records for former federal employees." (*Id*.) The declaration describes in detail the NPRC's process for searching and responding to requests for personnel records, and states that the NPRC's staff used this process to search "for the records of the five individuals for whom it determined it had records . . . ." (*Id*. at 81.) "After locating all possibly responsive records for those individuals," the NPRC staff "reviewed the records and located the responsive [official personnel folders] for the five individuals at issue." (*Id*.) The declaration concludes that a reasonable search for responsive records was conducted, and "all reasonably segregable information from the records located through this search" were released. (*Id*. at 82.) The NPRC Declaration shows that the NPRC's search was also adequate, and that it has produced all responsive records in its possession.

Because the declarations submitted by Defendants sufficiently demonstrate that the searches with respect to Plaintiff's FOIA and Privacy Act requests were reasonably calculated to yield responsive records and therefore adequate searches, the burden now shifts to Plaintiff to identify evidence in the record creating "a genuine dispute as to the adequacy of the search." *Negley*, 589 F. App'x at 730; *see Founding Church of Scientology*, 610 F.2d at 836.

The only evidence Plaintiff presents regarding the adequacy of the search is his own declaration. (doc. 51 at 203-06.) His declaration states only that "Defendants have not conducted a reasonable search for records responsive to all of [his] FOIA requests, nor have they processed all of [his] requests." (*Id*. at 205.) It further states that "Defendants fail[ed] to address all of [his] requests in writing or otherwise." (*Id*. at 206.) He provides no evidence as to why Defendants'

9

searches were not reasonable outside of his conclusory allegations, however. Although he argues that the searches were inadequate because two different Appointment Affidavits were produced for one attorney, and because he was informed that another attorney was not employed by the Department of Justice when she still had an email address there, he does not provide any explanation as to why Defendants' searches were unreasonable, nor does he produce evidence showing that they were unreasonable. (doc. 50 at 5-6, 19.) He also appears to suggest that Defendants did not conduct a reasonable search because they did not provide some of the records he requested. (*Id*. at 4-8, 10.) "Allowing an indication that more records exist, [as Plaintiff suggests,] without requiring an indication of the types of records or their location, would change the agency's obligation from showing a reasonable search to proving a negative, namely, that there existed no more responsive documents," however.[8] *Negley*, 589 F. App'x at 732. Additionally, he offers no evidence than any records that were not provided existed, "and there is no reason to conclude, that such [documents] in the form envisioned by [Plaintiff] ever existed . . . ." *Hart v. U.S. Dep't of Justice*, 648 F. Supp. 2d 113, 117 (D.D.C. 2009). Accordingly, Plaintiff has failed to meet his burden to present evidence creating a genuine issue of material fact as to the adequacy of Defendants' searches.

Because Defendants produced declarations establishing the reasonableness of their searches, and Plaintiff has not pointed to any evidence "creating a genuine dispute as to a material fact that would bear on the adequacy of the search," Defendants are entitled to summary judgment on his claims that their searches under the FOIA and Privacy Act were inadequate. *Negley*, 589 F. App'x

---

[8] Plaintiff also states that discovery is needed for him "to provide evidence that would show a genuine dispute of material facts." (doc. 51 at 205.) "Discovery is 'generally inappropriate' in FOIA cases," however, and Plaintiff essentially seeks to use "discovery to replace FOIA" even though he could not identify any evidence creating a genuine issue of material fact as to the reasonableness of Defendants' searches. *See Negley*, 589 F. App'x at 732; *Whitfield v. U.S. Dep't of Treasury*, No. 04-0679(GK), 2006 WL 2434923, at *7 (D.D.C. Aug. 22, 2006).

at 732 (affirming summary judgment where the plaintiff did not identify a genuine dispute as to a material fact regarding the adequacy of a FOIA search).

**C.     Claimed Exemptions**

Defendants also move for summary judgment to the extent Plaintiff challenges their withholding of certain material in their responses on grounds that the material was exempt under FOIA exemptions (b)(6) and (b)(7)(C). (doc. 44 at 17-23.) Plaintiff "does not dispute the exemptions pertaining to the redactions of signatures and the withholding of past and present job postings for the attorneys for private and personal reasons," however. (doc. 50 at 11.) Accordingly, there is no dispute as to whether Defendants properly redacted this information pursuant to exemptions (b)(6) and (b)(7)(C), and it is unnecessary to determine whether those exemptions apply.

**D.     Remaining Claim for Relief**

Defendants further move for summary judgment to the extent Plaintiff is seeking a declaration that the attorneys at issue in his FOIA and Privacy Act requests were not properly authorized to serve as government attorneys during his prosecution. (doc. 44 at 23-24.) It appears that Plaintiff essentially seeks to launch a collateral attack on his criminal conviction through the FOIA and Privacy Act. (*See* doc. 32 at 13.) Such action is not permitted under the FOIA or Privacy Act, however, and Defendants are therefore entitled to summary judgment as a matter of law on any such claim for relief.[9] *See Henderson v. United States Dep't of Justice*, 157 F. Supp. 3d 42, 48 n.5

---

[9] In his cross-motion for partial summary judgment and response, Plaintiff asserts that "Defendants fail[ed] to notify [him] of his appeal rights." (doc. 50 at 3, 16-17.) Defendants respond that this argument is meritless because the responses from the EOUSA explicitly notified him of his right to appeal, the responses from the NPRC were not final responses, and Plaintiff submitted letters of appeal to the NPRC prior to receiving those responses. (doc. 53 at 11-12.) The evidence shows that the EOUSA's responses notified Plaintiff of his right to appeal (doc. 45 at 24-25, 33-34, 41-42, 50-51, 56-57), and that the responses he challenges from the NPRC were not final adverse determinations requiring notification of his right to appeal (doc. 45 at 79, 105-15). *See* 5 U.S.C. § 552(a)(6)(A)(III). Accordingly, Defendants are entitled to summary judgment as a matter of law on any claims regarding Plaintiff's notification of the appellate process.

(D.D.C. 2016) ("A civil action under FOIA is not the proper means by which to challenge a criminal conviction or sentence, to obtain . . . release from custody, or to pursue civil rights claims."); *Coolman v. I.R.S.*, 1999 WL 675319, at *7 (W.D. Mo. 1999) (quoting 5 U.S.C. § 552(a)(4)(B)) (stating that relief under the FOIA is limited to "enjoin[ing] the agency from withholding agency records and to order[ing] the production of any agency records improperly withheld from the complainant.").[10]

Because Defendants have shown that their searches under the FOIA and Privacy act were adequate, and Plaintiff's remaining claim for relief fails as a matter of law, Defendants are entitled to summary judgment on all of Plaintiff's claims.[11]

### III. PLAINTIFF'S PARTIAL SUMMARY JUDGMENT MOTION

In his partial motion for summary judgment, Plaintiff asserts that he is entitled to summary

---

[10] Plaintiff also contends that Defendants failed to respond to his requests "in a timely manner;" Defendants respond that this timeliness argument is moot. (docs. 50 at 3, 8, 16-17; 53 at 14.) Under the FOIA and the Privacy Act, courts are authorized "only to resolve whether an agency improperly withheld responsive records," and "'however fitful or delayed the release of information . . . may be, once all requested records are surrendered, federal courts have no further statutory function to perform.'" *Mosby v. Hunt*, No. 09-1917, 2010 WL 1783536, at *3 (D.D.C. May 5, 2010) (quoting *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982)). Because Defendants have responded to his requests, any challenge to the timeliness of their responses is moot. *See Voinche v. Fed. Bureau of Investigation*, 999 F.2d 962, 963 (5th Cir. 1993) (affirming district court's grant of summary judgment to the FBI because "[i]nsofar as [the plaintiff] challenged the tardiness of the FBI's response, his claim was rendered moot by the FBI's response to his request."); *see also Velasquez v. Nielsen*, 754 F. App'x 256, 262 (5th Cir. 2018) (holding that agency's FOIA response rendered timeliness argument moot); *Calhoun v. Fed. Bureau of Investigation*, 546 F. App'x 487, 490 (5th Cir. 2013) (same).

[11] In response to Plaintiff's cross-motion for summary judgment and response, Defendants also assert that "Plaintiff is not entitled to an award of attorney['s] fees." (doc. 53 at 14-15.) Plaintiff does not appear to seek attorney's fees, however. (*See* doc. 50 at 2.) Rather, he requests only that Defendants bear the costs of this litigation. (*Id*.) The FOIA permits courts to assess "attorney fees and other litigation costs reasonably incurred in any case . . . in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(I). Because summary judgment should be granted in Defendants' favor, Plaintiff has not substantially prevailed such that he can recover costs or attorney's fees. *See id*.; *Whitfield*, 2006 WL 2434923, at *7 (finding that the plaintiff was not entitled to costs where he did not prevail in the action). Additionally, even if Plaintiff substantially prevailed in this action, he is a *pro se* party and would not be entitled to an award of attorney's fees to the extent he seeks to recover such fees in this action. *See Danial v. Daniels*, 162 F. App'x 288, 291 (5th Cir. 2006) ("Attorney's fees are not available to a non-attorney *pro se* litigant.") (citing *McLean v. Int'l Harvester Co.*, 902 F.2d 372, 373 (5th Cir. 1990)); *Vaksman v. C.I.R.*, 54 F. App'x 592 (5th Cir. 2002) ("As a *pro se* litigant, [the petitioner] is not entitled to attorney['s] fees because, quite simply, he did not actually 'pay' or 'incur' attorney['s] fees.").

judgment on his claims against the EOUSA and the NPRC because "there are no genuine issues of material facts with respect" to those claims. (doc. 49 at 1-3.) Because Defendants have met their summary judgment burden and are entitled to judgment on Plaintiff's claims, his cross-motion for summary judgment should be **DENIED**.

## IV. RECOMMENDATION

Defendants' motion for summary judgment should be **GRANTED**, Plaintiff's cross-motion for summary judgment should be **DENIED**, and Plaintiff's claims under the FOIA and the Privacy Act should be **DISMISSED with prejudice**.

**SO RECOMMENDED** on this 30th day of July, 2019.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE